WIRT ADAMS, STATE REVENUE AGENT, v. EVANS & CO.

STATE REVENUE AGENT. *Costs. Code* 1892, §§ 4194, 4199.

> Where judgment is obtained by the state revenue agent for money and costs, and a sum is realized on execution insufficient to satisfy the whole, the officers of the court may retain their costs out of the collection; and code 1892, §§ 4194, 4199, does not authorize the state revenue agent to demand the entire collection, leaving the costs unpaid.

FROM the circuit court of Claiborne county.
HON. W. K. McLAURIN, Judge.
The facts are stated in the opinion.

*E. S. & J. T. Drake,* for appellant.

This case turns on the construction of §§ 4194 and 4199 of the code of 1892. The whole question resolves itself into this: Which is the precedent claim to the fund realized? The state, county, and municipality, or the officers of the court? Where an officer collects taxes by distress, the tax must first be paid out of the fund realized, before the costs incurred in collecting. This case is essentially the same, and, by a parity of reasoning, the revenue agent, who stands in the place of the state, county, and municipality, shall first be paid.

No counsel for the appellee.

STOCKDALE, J., delivered the opinion of the court.

Wirt Adams, state revenue agent, recovered judgment in the circuit court of Claiborne county against Evans & Co. for $1,500, at the January term, 1895, of said court. And the sheriff made return on the *venditioni exponas* that he had sold all the attached property on June 22 and 23, 1896, for $154.85, and applied

$116.75 to payment of costs, and paid $38.10, balance, to plaintiff's attorneys.

On January 12, 1897, plaintiff filed the following motion in said cause: "And now comes the plaintiff herein, and showing to the court that he is the state revenue agent, and by law in no case liable for costs in suits for revenue, and, showing further to the court, that, in above case, by virtue of an execution, issued June 11, 1896, and a sale of personalty thereunder, on June 22 and 23, 1896, the sheriff realized the sum of $154.85, of which sum the said sheriff applied $116.75 to payment of costs in said cause and costs of execution, and moves the court for an order that the sheriff of Claiborne county, R. C. McCay, pay over to said plaintiff said sum of $116.75, the amount so retained by him for costs."

Counsel on both sides in the court below agreed that the facts are as stated in the motion. The court overruled and denied said motion, and the plaintiff, the state revenue agent, appealed from that judgment.

We are cited to §§ 4194 and 4199, code 1892, as authority sustaining the motion. Section 4194 provides that the state revenue agent "shall not be liable for costs, and may appeal without bond." Section 4199: "Neither the state nor any county, municipality, or levee board shall be chargeable with any fees or expenses on account of any investigation or suit made or instituted by the state revenue agent."

The question raised for adjudication by this motion is, to what extent these two statutes interfere with and repeal the general rule of law that officers of the courts must have their costs to compensate their services. The plaintiff is primarily liable for costs in civil cases, but may recover back his costs from the defendant if he be successful in the suit. But if he lose the suit, judgment goes against him for costs; or if he fail to recover costs from defendant on his judgment for costs, he is still liable for the costs of suit. By § 4194 the revenue agent is exempted from all liability for costs. He is not pri-

marily liable for costs as plaintiff.  He is not liable for costs if he loses the case, as other plaintiffs are.  The court could not tax him with costs upon dismissal of a state case, or on dismissal for want of jurisdiction, nor can a chancellor apportion costs on him.  And we think it is manifest that when § 4194 saves him from all these liabilities, so as not to deter him from pressing the claims of the state, it has served the purpose the legislature intended it for.

In this case the judgment is that plaintiff recover the full amount of his judgment ($1,500) and $86.75 costs, over and above his judgment, and the execution commands the sheriff to make that amount ($1,500) for plaintiff's debt, and $86.75 for costs in that behalf expended, and had there been property enough of defendant's found, the sheriff would have made that amount.  Plaintiff, in this case, would have no right to the costs; it was not his money.  Other plaintiffs recover costs to reimburse themselves, because they must pay the officers, and the costs are their money and they have the right to have it, but the state revenue agent is not liable for costs, and does not have to pay the officers, and his recovery of costs is a recovery for the officers, and he has no right to have possession of it or handle it.  In this case the plaintiff had the right to demand and receive $1,500, and no more.  He had no right to receive or demand $86.75 in addition, except as he is used by the court, as plaintiff, to recover costs for the officers.

The remaining question is, whether the plaintiff is entitled to have his judgment satisfied before the judgment for costs is satisfied.  The statute does not say that the court has not the power to expand a special statute in derogation of the general statute.  We think the legislature meant by this special statute just what it said, and no more—to exempt the revenue agent from personal liability for costs.  We do not believe that the lawmaking power intended, by the plain, brief enactment exempting the revenue agent from liability for costs, to say that the general statute providing for officers' costs should be abro-

gated as to him, and the officers of the courts should be com-
pelled to work for nothing in all the suits he might bring until
his judgment should be fully satisfied, notwithstanding judg-
ment was rendered for costs and could be made out of de-
fendant.

In attachment cases, levying upon and keeping property
might be very expensive.    Levying upon and taking into pos-
session a stock of goods (as in this case had it been a large one),
and selling the same, might be expensive, and the construction
of the statute contended for by appellants would not only re-
quire the sheriff to render his services without remuneration,
but to pay out money of his own and never get it back.    It
cannot be supposed that the lawmaking power intended, in
addition to the extraordinary privileges and powers unquestion-
ably conferred upon the revenue agent, to impose such hard-
ships and injustice upon county officers.    Manifestly, the scope
of the statute is to exempt the revenue agent from liability for
costs where other plaintiffs or complainants would be liable,
and not more.    The revenue agent is accredited by the state as
its agent, and clothed with great powers.    He may demand
access to and examine and investigate the books, papers and
vouchers of all fiscal officers, and buy and hold lands for the
state, etc., and institute suit when he desires to do so.

But § 4199, code 1892, provides that no expense shall come
upon the state by reason of his actions.    The revenue agent
shall receive no salary; nor shall he make any charges against
the state, or against any county, municipality, or levee board,
for any investigations made by him, or suits instituted by him,
or any fees or expenses incurred by him, and that is the full
scope of § 4199.

The sheriff was commanded (in the case at bar) to make the
debt and costs out of the defendant, but made a less amount,
and pursued the usual course, and paid the judgment for costs
first.    That does not make the revenue agent liable for costs;
nor does it impose any charge on the state, nor any county,

municipality or levee board, and neither § 4194 nor § 4199 has been in any way violated or disobeyed.

*The judgment of the court below is affirmed.*